

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXON
ATTORNEY GENERAL

Honorable Nolan Queen
Criminal District Attorney
Parker County
Weatherford, Texas

Dear Sir:

Opinion No. O-4719
Re: County is not authorized to pay
    expenses of office of Justice of
    the Peace on fee system and re-
    lated matters.

Your request for opinion has been received and care-
fully considered by this deparment. We quote from your re-
quest as follows:

"Some questions have arisen with reference to
items of expense and charges of the Justice of the
Peace here in Weatherford, which is a fee office.
We find in auditing, that the Justice of the Peace
has filed each month, as expenses, so much for a
stenographer, and $12.50 as average car expense in
coming to and from the office, and so much for
stamps, for which he has no purchase receipts, but
is an estimate only.

"Now, I find that the Commissioner's Court,
during the last year, 1941, approved these several
items on the expense account of the Justice of the
Peace. All of these items were paid out of the
fees of the office, but this year, it is very doubt-
ful whether or not there will be any excess fees of
office, and in that event, it is the opinion of the
Justice of the Peace that these expenses should be
paid by Parker County, whether he has any excess
fees or not.

"Now the question is whether or not the sten-
ographer's fee, the travelling expense fee and the
stamp expense can be legally charged by the Justice
of the Peace to Parker County. There is no record
that the Commissioner's Court has ever approved
the appointment or selection of a stenographer, nor
is there any record where the Justice of the Peace
ever filed any application for authority to employ
a stenographer.

"In as brief a way as possible, I have tried to state the questions involved, and would appreciate very much your opinion at your earliest convenience as to whether or not these items of expense under the circumstances, may be legally charged by the Justice of the Peace, and paid by Parker County.

" . . . . "

Subdivision (a) of Article 3899, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"<u>Art. 3899. 3897 Expense account</u>

(a) At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premuims on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses. . . . <u>The amount of such expenses, together with the amount of salaries paid to Assistants, Deputies and Clerks shall be paid out of the fees earned by such officer.</u> . . . ." (Underscoring ours)

Article 3902, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said officer during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be

paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"  .  .  .  ."

It is our opinion that under Subdivision (a) of Article 3899, V. A. C.S., supra, the legitimate expenses of office of a Justice of the Peace operating under the fee system must be paid from the fees of his office and cannot be paid by the County. We therefore answer your question in the negative.

We also wish to point out that the Justice of the Peace has no authority to employ a stenographer. However, he could employ a clerk if authorized by the Commissioners' Court under Article 3902, V. A. C. S. It is a matter for the Commissioners' Court to determine whether an employee of the Justice of the Peace is a stenographer or a clerk. (See opinion No. 0-1874 of this department, a copy of which is enclosed herewith for your information). If the Justice employed a clerk without authorization from the Commissioners' Court in the beginning but such employment was later ratified by the Commissioners' Court, the same would constitute a legitimate expense of office which the Justice could pay out of his fees of office. (See Cameron County vs. Fox, 61 S.W. (2nd) 483).

You further state that the Justice merely estimates the amount of his stamp expense. This is improper and the Commissioners' Court is not authorized to accept a mere estimate of expenses. (See the case of Pierson, Justice of the Peace, et al. vs. Galveston County, 131 S.W. (2nd) 27).

You also state in your letter that the Justice claims traveling expenses for "coming to and from the office". This, we think, is purely a personal expense and not an expense of office.

But in any and all events, none of the items of expense set out in you letter, whether legal or illegal, could be charged to the County under the facts stated.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:mp:wc
Encl.


APPROVED JULY 31, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman